# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA STAFFORD,<br><br>　　　　　Plaintiff,<br>vs.<br>CITY OF SAN DIEGO, OFFICER W ORVOSH, and DOES 1-20,<br><br>　　　　　Defendants. | CASE NO. 06-CV-0398 H (BLM)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

On August 17, 2007, Defendants filed a motion to dismiss Plaintiff's complaint for failure to appear at a mandatory settlement conference, failure to appear for deposition, and failure to comply with pretrial requirements. (Doc. No. 30.) Further, the Court entered an order requiring Plaintiff to appear for her deposition, requiring her to personally appear at the pretrial conference and hearing on Defendants' motion to dismiss, requiring her to comply with all pretrial requirements, and warned of the possibility of terminating sanctions for failing to comply. (Doc. No. 29.) Plaintiff did not file an opposition to Defendants' motion to dismiss.

The Court held the pretrial conference and hearing on Defendants' motion to dismiss on August 27, 2007. Plaintiff's counsel, James Dunn, appeared telephonically, but Plaintiff failed to appear as ordered by the Court. George Schaefer appeared on behalf of Defendants. Plaintiff's counsel represented that he did not oppose the motion to dismiss and that he had lost contact with Plaintiff.

1      Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may
2 move for dismissal based upon the failure of a plaintiff to prosecute or failure to
3 comply with court orders and the Federal Rules of Civil Procedure. Additionally, Rule
4 37 of the Federal Rules of Civil Procedure authorizes a court to dismiss any part of an
5 action or to render judgment by default against a party who fails to appear for a court
6 ordered deposition. See Fed. R. Civ. P. 37(b)(2)(C) & (d).

7      The Ninth Circuit has set forth the following five part test for determining when
8 dismissal sanctions are just: "(1) the public's interest in expeditious resolution of
9 litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the
10 [party seeking sanctions]; (4) the public policy favoring disposition of cases on their
11 merits; and (5) the availability of less drastic sanctions." Valley Eng'rs, Inc. v. Elec.
12 Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998); Dahl v. City of Huntington Beach, 84
13 F.3d 363, 366 (9th Cir. 1996). Because the first and second factors typically support
14 sanctions while the fourth disfavors dismissal, prejudice to the moving party and the
15 availability of less drastic sanctions, the third and fifth factors, are usually decisive.
16 Valley Eng'rs, 158 F.3d at 1057. A presumption of prejudice arises from a Plaintiff's
17 unexplained failure to prosecute. See, e.g., Laurino v. Syringa Gen. Hosp., 279 F.3d
18 750, 753 (9th Cir. 1992). The Ninth Circuit has indicated "that factor 5 involves
19 consideration of three subparts: whether the court explicitly discussed alternative
20 sanctions, whether it tried them, and whether it warned the recalcitrant party about the
21 possibility of dismissal." Valley Eng'rs, 158 F.3d at 1057 (citing Malone v. U.S. Postal
22 Serv., 833 F.2d 128, 132 (9th Cir.1987)). Nevertheless, "despite all this elaboration of
23 factors, [the Ninth Circuit has] said that it is not always necessary for the court to
24 impose less serious sanctions first, or to give any explicit warning." Id. (citing Adriana
25 Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990)).

26      Looking at the Valley Engineers factors, as the Ninth Circuit noted, the first and
27 second factors weigh in favor of dismissal here. Further, while the fourth factor
28 generally disfavors dismissal, Plaintiff does not oppose dismissal here, and the Ninth

1  Circuit has noted that this factor is not enough to preclude imposition of sanctions
2  where other factors weigh in favor of sanctions.  See Rio Props., Inc. v. Rio Int'l
3  Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).  Looking at the third factor, the risk of
4  prejudice to Defendants is high.  The Court has already held the pretrial conference,
5  and contrary to Court order and rules, Plaintiff has not participated in any discovery or
6  pretrial preparations.  Defendants have had no opportunity to depose Plaintiff and fully
7  prepare a defense before trial.  Turning to the fifth factor, the availability of less drastic
8  sanctions, the Court has not imposed any sanctions up until this point and explicitly
9  warned Plaintiff that failure to comply could result in terminating sanctions.
10 Nevertheless, Plaintiff did not appear for the Court-ordered deposition and did not
11 appear for the pretrial conference and hearing.  Under these circumstances, particularly
12 in light of Plaintiff's non-opposition to Defendants' motion, terminating sanctions are
13 appropriate.  See, e.g., Valley Eng'rs, 158 F.3d at 1057.  Accordingly, having
14 considered the papers, the record, and the parties representations, the Court **GRANTS**
15 Defendants' motion to dismiss this case.  The Clerk of Court shall close this case.

16  IT IS SO ORDERED.

17 DATED:  August 27, 2007

_Marilyn L. Huff_
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:
All Parties of Record